06 CV 13084

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Vegas Game Import/Export S.A.S.,

                           Plaintiff,

v.

Republic of Argentina,

                           Defendant
------------------------------------x

CV   ( )

**COMPLAINT**



RECEIVED
NOV 09 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Vegas Game Import/Export S.A.S., by its attorneys, for their Complaint alleges as follows:

### I.   PARTIES

Plaintiff Vegas Game Import/Export S.A.S., a corporation organized under the laws of Italy, owns beneficial interests in a bond with International Securities Identification Number ("ISIN") US40114AN02 ("the Bond"), maturity date of October 10, 2006, and coupon rate of 11 percent, which is subject to U.S. jurisdiction and which was issued by the Republic of Argentina ("Argentina) but upon which Argentina has refused to pay interest or principal, causing monetary damages to Plaintiff.

2. Defendant Argentina is a sovereign nation as defined in 28 U.S.C. § 1603(a).

### II.   JURISDICTION AND VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f) and pursuant to certain contractual terms governing the Bond.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1330 and 1367. Because Argentina expressly waived sovereign immunity to permit jurisdiction in this Court for bonds issued under the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and because Plaintiff's Bond was issued under the 1994 FAA, the Bond is subject to the jurisdiction of this Court. *Lightwater Corporation Ltd. v. The Republic of Argentina*, 2003 U.S.

Dist. LEXIS 6156, 02 Civ. 3804 (TPG), 2003 WL 1878420 (S.D.N.Y. April 14, 2003) (holding that the 1994 FAA provides NYC Court over claims regarding bonds issued under the same).

5. Section 22 of the 1994 FAA states that Argentina waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. Argentina satisfies the minimum contacts test for personal jurisdiction because the Bond has been traded in New York. Thereby, "Argentina 'purposefully avail[ed] itself of the privilege of conducting activities within the [United States].'" *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619 (1992).

6. Argentina appointed Banco de la Nación Argentina, 225 Park Avenue, New York, NY 10169, as its agent for service of process. *See* 1994 FAA § 22.

### III. STATEMENT OF FACTS

7. As economic growth slowed in 1998, Argentina and its investment bankers sought retail investors to raise capital.

8. These retail investors included Plaintiff as well as hundreds of thousands of small investors in the United States and Europe. Argentina counted on the preference of these investors for fixed income investments.

9. From 1998 to 2001, Argentina issued roughly $88 billion in bonds, in aggregate, including bonds issued to Plaintiff and members of the class.

10. Plaintiff acquired a certain Bond issued by Argentina pursuant the 1994 FAA. Plaintiff acquired roughly 2,300,000.00 U.S. Dollars worth of the Bond on May 19, 2004. Plaintiff still possesses the Bond or beneficial interests in it.

11 The Bond was issued under, and is characterized as part of, the 1994 FAA, which therefore governs the Bond.

12. Pursuant to Section 22 of the 1994 FAA, Argentina (i) appointed Banco de la Nación Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of

this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

13. Pursuant to Section 22 of the 1994 FAA, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
> (d) Moratorium: a moratorium on the payment of the principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

1994 FAA § 22.

14. Such a "default" has occurred in relation to Plaintiff' Bond as well as other bonds issued by Argentina.

15. On December 23, 2001, in breach of its promise to pay principal and interest to Plaintiff, Argentina declared a default. This constitutes an "event of default" and a breach of the contractual promises made by Argentina.

16. Since its default, Argentina has steadfastly refused to pay on the Bond, and Argentina has tried to force Plaintiff to accept a fraction of what they are due through inadequate settlement offers. *See e.g.* Michael Casey, ASIAN WALL ST. JOURNAL M7 (Feb. 22, 2005) "Argentina has offered holders of its defaulted national bonds only 30 cents on the dollar – about half what other nations have offered when they defaulted – and stuck with that offer despite criticism that the country could afford to pay more. Rather than buckle, Argentina recently enacted a law prohibiting itself from ever making a new offer").

7. On or about April 25, 2002, Argentina issued a resolution officially postponing payment of debt to all investors, including Plaintiff, and Argentina has accordingly made no payments on its bonds.

18.    In February 2005, the legislature of Argentina passed a law prohibiting the Republic from negotiating with bondholders seeking payment for their contractual claims. *See e.g.* Manuela Badaway, REUTERS NEWS (March  , 2005) ("Argentina passed a law in February prohibiting the government from reopening the debt swap offer that expired on Feb. 25 and from negotiating other terms in any legal cases connected with the debt in question'

19.    Plaintiff held the Bond or beneficial interests in it on December 23, 2001, or thereafter, and it still hold this bond or beneficial interests in it. Accordingly, Plaintiff has been injured by Argentina's default.

### IV.    BREACH OF CONTRACT

20.    Plaintiff brings this lawsuit against Argentina for breach of contractual obligations to Plaintiff.

34.    Pursuant to the 1994 FAA and other documents setting forth the terms and conditions of the bonds, Argentina issued billions of U.S. Dollars worth of Bonds.

35.    Pursuant to documents governing this Bond that form the basis for this action, Argentina's failure to pay principal and interest when due and payable constitutes an "event of default" and breach of Argentina's contractual obligations.

36.    On or about December 23, 2001, Argentina declared a moratorium on the payment of principal and interest with respect to all of its foreign debt. Since making that declaration, Argentina has failed to make any payment of principal or interest to Plaintiff.

37.    Argentina's declaration of moratorium on payment of principal or interest constitutes an "event of default" and breach of Argentina's contractual obligations.

38.    On or about April 25, 2002, Argentina issued a resolution officially postponing payment of debt to all investors, including Plaintiff, and Argentina has accordingly made no payments on its bonds.

39.    Argentina's failure to pay principal and interest when due and payable constitutes a "default" and breach of Argentina's contractual obligations.

40. By reason of the foregoing, Argentina has breached its contractual obligations to Plaintiff, and, accordingly, Argentina is liable to Plaintiff for damages in an amount to be determined by the trier of fact.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. A judgment awarding compensation to Plaintiff for the damages that it has sustained as a result of Argentina's breaches of the agreement governing the Bond;

C. A judgment awarding Plaintiff's reasonable attorneys' fees, experts' fees, interest and cost of suit; and

D. Such other and further relief as this Court may deem just.

DATED: November 9, 2006
New York, New York

By /s/ Andrea Boggio

Andrea Boggio (AB-0564)
Attorney at Law
1150 Douglas Pike
Smithfield, RI 02917
Telephone: (401) 232-6455
boggio@stanfordalumni.org

Attorney for Vegas Game Import/Export S.A.S.